CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

JUL 28 2010

JOHN F. CORCORAN, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:00-cr-70114 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ARTHUR ALAN OUTLAW, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Arthur Alan Outlaw, a federal prisoner proceeding pro se, filed a petition for a writ of error coram nobis, pursuant to 28 U.S.C. § 1641(a). Petitioner argues that acts upon which a firearm conviction was based is not now considered unlawful, pursuant to Watson v. United States, 552 U.S. 74, 83 (2007). The United States filed a request for dismissal[1], to which the time for petitioner to respond expired[2], making the matter ripe for disposition. After reviewing the record, I grant the United States' request for dismissal.

I.

A.

A grand jury in the Western District of Virginia issued a five-count superceding indictment against petitioner on January 25, 2001. The grand jury charged that petitioner: (1) willfully and knowingly combined, conspired, confederated, and agreed with others to distribute

---

[1] The United States filed via CM/ECF a "response" brief to the petition, arguing that petitioner "should not have been granted" a petition for a writ of error coram nobis. However, no court has granted his petition; the petition has merely been transferred to different dockets until it became part of the criminal record.
    Furthermore, the United States did not file an accompanying motion to dismiss with its brief requesting dismissal. (Respt's Resp. (no. 76) 11.) The United States is reminded that a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). See United States v. Cooper, 876 F.2d 1192, 1194 (5th Cir. 1989) ("Since the coram nobis motion is a civil proceeding 'of the same general character as one under 28 U.S.C. § 2255,' the same [federal] civil . . . rule[s] . . . . appl[y].") (abrogated on other grounds by Smith v. Barry, 502 U.S. 244, 247 (1992)). See also W.D. Va. Civ. R. 11(c) (requiring a brief to accompany a motion).

[2] In an abundance of caution, the court issued a Roseboro notice to petitioner on June 9, 2010, and granted him an extension of time to respond. However, petitioner later informed the court that he would not be filing a reply to the United States' response.

and possess with intent to distribute a mixture containing more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846 ("Count One"); (2) distributed or possessed with intent to distribute more than 50 grams of a mixture containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) ("Count Two"); (3) distributed or possessed with intent to distribute more than 5 grams of a mixture containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) ("Count Three"); (4) from about April 1999 through October 13, 2000, during or in relation to a drug trafficking crime used or carried a firearm, or possessed a firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Four"); and (5) distributed or possessed with intent to distribute more than 5 grams of a mixture containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) ("Count Five"). (Doc. no. 19.) Between November 13, 1998, and November 1, 2002, 18 U.S.C. § 924(c) as used in Count Four stated:

> (1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, **any person who, during and in relation to any ... drug trafficking crime ...** for which the person may be prosecuted in a court of the United States, **uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm**, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years[.]

During petitioner's trial, the evidence revealed that petitioner associated with firearms on several occasions. The government's main witness saw petitioner sell drugs for the receipt of guns that petitioner subsequently sold in New Jersey for thousands of dollars. (Tr. Tran. Day 2, 111-13, 115; Day 4, 44-50, 73-77.) Petitioner fired at least one of these guns at least one time before selling it. (Tr. Tran. Day 2, 194.) Petitioner participated in a shoot-out when a relative was being robbed outside of a convenience store. (Id. 120-22.) Petitioner also had a firearm on

his person that he displayed to multiple people during a drug sale in a hotel room. (Tr. Tran. Day 3, 17-19.)

The jury found petitioner guilty of all five counts. Following his sentencing hearing in June 2001, I sentenced petitioner for Counts One through Five to, inter alia, serve a total of 420 months incarceration: 360 months for Count One, Two, Three, and Five, to be served concurrently, and 60 months incarceration for Count Four, to be served consecutively. (J. (no. 37) 3.) I also imposed a sixty-day sentence for petitioner's contempt of court during his sentencing hearing, to be served before starting his other sentences. In March 2008, I subsequently lowered petitioner's sentence, pursuant to 18 U.S.C. § 3582, from 360 months on Counts One, Two, Three, and Five to 292 months. (§ 3582 Order (no. 55) 1.) Petitioner's 60 month consecutive sentence for Count Four remained unchanged. (Id.)

On November 5, 2003, petitioner filed in this court a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. I dismissed the motion on December 30, 2004. Outlaw v. United States, No. 7:03-cv-00719, slip op. at 1 (W.D.Va. Dec. 30, 2004). Petitioner appealed my order to the Fourth Circuit Court of Appeals, which denied him a certificate of appealability and dismissed his appeal on December 27, 2005. United States v. Outlaw, No. 05-6081, 160 F. App'x 295 (4th Cir. Dec. 27, 2005). Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 30, 2006. Outlaw v. United States, 549 U.S. 997 (2006).

B.

After petitioner's conviction became final, the Supreme Court of the United States issued the Watson opinion on December 10, 2007. In Watson, the Supreme Court held that an person

3

who receives a gun in exchange for drugs can not be said to "use" the gun in relation to a drug trafficking offense. Thus, in order to show "use" of a firearm in relation to a drug trafficking offense, the government must prove "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id. at 76-78 (quoting Bailey v. United States, 516 U.S. 137, 143 (1998)). Watson did not reach the question of whether the possession prong of 924(c)(1)(A) would apply to situations where a gun was received in exchange for drugs. Id. at 82-83.

On January 17, 2008, petitioner filed a 28 U.S.C. § 2244 motion for authorization to file a successive § 2255 motion based upon Watson. The Fourth Circuit Court of Appeals denied his motion on February 12, 2008. In re: Arthur Alan Outlaw, No. 08-108 (4th Cir. Feb. 12, 2008).

On July 2, 2008, petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, with the United States District Court for the Southern District of West Virginia, in whose district he was incarcerated.[3] By its February 2, 2010, order, the West Virginia District Court adopted the magistrate judge's report and recommendation that the petition should be construed as a petition for a writ of error coram nobis and transferred to the sentencing court.

The magistrate judge reported that 28 U.S.C. § 2255 was an inadequate and ineffective means to test the legality of petitioner's conviction under Watson and recommended that petitioner proceed under 28 U.S.C. § 2241. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (listing requirements to challenge the validity of a conviction via a § 2241 petition instead of a § 2255 motion). However, the magistrate judge noted the "difficult and unusual position of

---

[3]During the pendency of that action, petitioner also wrote me asking to reduce his sentence. In light of the possibility of concurrent litigation in two district courts and the lack of argument in favor of jurisdiction, I denied the request.

4

potentially being required to vacate a sentence imposed by a sister court located in the Western District of Virginia." Furthermore, I did not have the authority to grant a § 2241 petition because I did not have personal jurisdiction over petitioner's custodian in West Virginia and could not entertain a successive § 2255 motion without authorization from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2255(h) (allowing a successive petition if based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Thus, the West Virginia District Court construed the pleadings as a petition for a writ of error coram nobis and transferred it to this court.

II.

A.

Besides petitioner's arguments about Count Four and Watson, petitioner also includes two paragraphs, which, liberally construed, argue that the jury instructions broadened the indictment and the indictment was duplicitous. (Petr.'s Mem. 7-8.) However, I will not permit questions regarding jury instructions and the indictment to proceed under the savings clause of 28 U.S.C. § 2255. Neither claim relates to Watson, and petitioner could have made these constitutional claims before, during, or after trial. See In re Jones, 226 F.3d at 333-34 (§ 2255's safety valve requires settled circuit or Supreme Court law to establish the legality of the conviction at the time of conviction; (2) a substantive changed in the relevant law to decriminalize defendant's conduct after exhaustion of review; and (3) the change is not constitutional). Petitioner already filed least one § 2255 motion; thus, these claims are subject to dismissal without prejudice to permit petitioner the opportunity to file a motion for authorization

for a successive § 2255 motion.

B.

In the instant petition, petitioner argues that his conviction on Count Four should be vacated because of Watson. However, petitioner was charged with both the use prong and the possession prong of § 924(c). See Super. Indict. (no. 19) 2-3 (alleging petitioner used or carried a firearm during or in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime, all in violation of § 924(c)). Whereas Watson required re-examining a defendant's conviction when the only evidence of "using" a firearm in relation to a drug trafficking crime was trading it for drugs, petitioner was indicted for both the use and possession prongs, and the evidence is sufficient to sustain the § 924(c) conviction.

Regarding the possession prong, the Fourth Circuit reads "furtherance" in this statutory scheme according to its plain meaning: "the act of furthering, advancing, or helping forward." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (citations omitted). The United States, therefore, had the burden of presenting evidence that petitioner possessed a firearm in furtherance of a drug trafficking crime, which requires demonstrating some connection between the gun and the drug crime. United States v. McDaniel, No. 06-5051, 290 F. App'x 562, 2008 U.S. App. LEXIS 18495, 2008 WL 3977880, at *1 (4th Cir. Aug. 25, 2008) (unpublished); Lomax, 293 F.3d at 705. See United States v. Porter, No. 07-14627, 293 F. App'x 700, 2008 U.S. App. LEXIS 19507, 2008 WL 4140283, at *6 (11th Cir. Sept. 9, 2008) (requiring proof of "some nexus between the firearm and the drug selling operation") (quoting United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002)); United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007) (applying a nexus requirement); United States v. Harris, 477 F.3d 241, 244 (5th

Cir. 2007) (the burden is the government's); United States v. Bobb, 471 F.3d 491, 496 (3rd Cir. 2006) (holding that evidence is sufficient to support a conviction where it establishes "a nexus between the possession of the gun and the drug trafficking"); United States v. Mosley, 465 F.3d 412, 417 (9th Cir. 2006) (examining whether the required nexus can be shown based on the totality of the circumstances).

A court reviews a jury verdict to determine whether "there is substantial evidence, taking the view most favorable to the Government, to support [the verdict]." United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc) (citation omitted). A court therefore looks to see whether, based upon the evidence in the record "and the reasonable inferences to be drawn therefrom[,] . . . the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." Id. at 863 (quoting United States v. Powell, 469 U.S. 57, 67 (1984)) (internal quotations omitted). See Jackson v. Virginia, 443 U.S. 307, 318 (1979) ("[T]he critical inquiry . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."). Whether the firearm furthered a drug-trafficking crime is ultimately a factual question, and the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking. Lomax, 293 F.3d at 705. "For example, a gun could provide a defense against [or lessen the chance of] someone trying to steal drugs or drug profits[;] a gun might enable a drug trafficker to ensure that he collects during a drug deal; . . . a gun could serve as protection in the event that a deal turns sour[;] [o]r it might prevent a transaction from turning sour in the first place." Id.

On the third day of trial, the United States' witness described how he accompanied a drug partner to a hotel room where petitioner would arrive to sell cocaine. The witness testified that

7

upon petitioner's arrival, petitioner had a large-caliber handgun and "showed it to us[;] he had it, like, laying out. . . . He just held it in his hand and showed it to us." (Tr. Tran. Day 3, 18.) Thus, the United States established a § 924(c) violation because petitioner possessed and displayed a firearm during a cocaine sale to intimidate other criminals to prevent them from assaulting petitioner, double-crossing him, or stealing his cocaine.[4] Accordingly, petitioner does not qualify for relief under Watson, and sufficient evidence exists to support his § 924(c) conviction.

III.

For the foregoing reasons, I grant the United States' request for dismissal, dismiss petitioner's jury instructions and indictment claims without prejudice as successive 28 U.S.C. § 2255 claims, and dismiss petitioner's petition for a writ of error coram nobis. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

ENTER: This 28th day of July, 2010.

Senior United States District Judge

---

[4] Insofar as this evidence is sufficient to sustain petitioner's § 924(c) conviction, it is not necessary to review the other evidence as it relates to using or possessing a firearm in violation of § 924. See supra I-A ¶ 3.